INTERNATIONAL PAPER COMPANY
et al., Libelants,

v.

COMPANIA MARITIMA PANMAR, S.A.,
Respondent-Petitioner (S.S. Fairisle and
Pan-Atlantic Steamship Corporation
and Merritt Chapman & Scott Corporation, Respondents-Impleaded).

PAN–ATLANTIC STEAMSHIP CORPORATION, Libelant,

v.

COMPANIA MARITIMA PANMAR, S.A.
(sued herein as Cia. Maritima Panama,
S.A.), Claimant-Respondent-Petitioner
(Merritt Chapman & Scott Corporation,
Respondent-Impleaded).

COMPANIA MARITIMA PANMAR, S.A.,
as Owner of THE Tanker SAN JOSE
II, Libelant,

v.

THE S.S. FAIRISLE, etc., and Pan-Atlantic Steamship Corporation,
Respondent.

Nos. 20508, 20512, 20513.

United States District Court
E. D. New York.

Oct. 7, 1958.

Hill, Rivkins, Middleton, Louis & Warburton, by Allen B. Lutz, New York City, for Compania Maritima Panmar, S. A.

Haight, Gardner, Poor & Havens, by James M. Estabrook, New York City, for Merritt, Chapman & Scott Corp.

RAYFIEL, District Judge.

Three actions were commenced herein, resulting from a collision between the S. S. Fairisle and the Tanker San Jose II off Ambrose Lightship on July 23, 1956, in which both vessels were damaged. The Fairisle was owned by the Pan-Atlantic Steamship Corporation, hereinafter called Pan-Atlantic, and the San Jose by Compania Maritima Panmar, hereinafter called Compania. After the collision Pan-Atlantic engaged the Merrit Chapman & Scott Corporation, hereinafter called Merritt, to assist the Fairisle, which grounded and turned over in Gravesend Bay on July 25, 1956.

The first action, Number A. 20508, was brought by the International Paper Company et al., hereinafter referred to as International, owners of the cargo on board the Fairisle, against Compania to recover for damages to the cargo occasioned by the collision. Compania impleaded the Fairisle, Pan-Atlantic and Merritt, claiming, as to Fairisle and Pan-Atlantic, that the negligence of the Fair-

isle's navigator contributed to the collision, and, as to Pan-Atlantic and Merritt, that the grounding and rolling over of the Fairisle and the resulting additional loss of cargo was caused by their negligence.

The second action, Number A. 20512, was brought by Pan-Atlantic against Compania and the San Jose II to recover for damage to the Fairisle resulting from the collision. In this action, too, Compania impleaded Merritt, claiming that the additional damage caused by the grounding and rolling over was caused by the negligence of Merritt and Pan-Atlantic.

The third action, Number A. 20513, was brought by Compania against Pan-Atlantic and the Fairisle for the recovery of damages to the San Jose II caused by the collision. Merritt is not a party to that action.

When issue had been joined in all three actions Compania moved to consolidate them, and the motion was granted on consent.

■ There are now two motions before me. One, by the attorneys for Compania, to separate the issues as to the proximate cause of the sinking of the Fairisle on July 25, 1956, and the issues arising from the allegations in the petitions impleading Merritt, involving the alleged negligence of Merritt and Pan-American in causing, or in failing to prevent, the sinking of the Fairisle, and to order the issues so severed to be tried at a separate trial to be held during the December Term of this Court. The other, by the attorneys for Merritt, to dismiss the impleading petitions against it on the following grounds: (1) that the petitions do not arise out of the same transaction, as required by Admiralty Rule 56, 28 U.S.C.A. and (2) that the impleading "petitions do not state a cause of action since there is no indemnity to Compania on the facts that would, if proven, constitute a complete defense."

The attorneys for Compania have virtually withdrawn their motion since, in their letter to me of September 24, they say that the trial of the consolidated case was adjourned to October 27, and that they "possibly could be ready for trial on that date on all issues raised by the libels and our (their) impleading petitions, including the cause of sinking." Their letter further states they do not need the "relief prayed for in our (their) 'motion to separate out' the issues which asks *adjournment to the November (sic) Term. Nor do we (they) need the relief prayed for of separate hearings* by the court of the issues."

The position they now take is more consistent with that taken in their impleading petitions and in their motion to consolidate, since, in those proceedings, they contended that both the collision and the sinking were part of the same occurrence or series of occurrences, and that only one trial was necessary to dispose of the entire controversy, whereas their motion to *sever* and separate the issues represents a contrary view.

■ Compania's motion is denied in all respects. It will be the function of the trial judge to determine the order in which the issues raised by the libels and the impleading petitions should be tried.

Merritt's motion to dismiss the impleading petitions is also denied. Admiralty Rule 56 provides that the claimant or respondent shall be entitled to bring in any other party or vessel "who may be partly or wholly liable either to the *libellant or to such claimant or respondent by way of remedy over, contribution or otherwise, growing out of the same matter."* (Emphasis added.) If Compania is able to prove that Merritt was negligent in the performance of its work as salvor, it (Merritt) may very well be liable to International and Pan-Atlantic for any additional damage to the cargo and the Fairisle resulting from the grounding and rolling over of the vessel.

Settle orders on notice.